## PUBLIC CITIZEN LITIGATION GROUP

1600 20th Street NW • Washington DC 20009
202/588-1000 • www.citizen.org

January 23, 2026

Via ECF

Christopher G. Conway
Clerk of the Court
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

**Re: No. 25-1673,** *In re Clearview AI, Inc. Consumer Privacy Litigation*

Dear Mr. Conway:

Pursuant to Federal Rule of Appellate Procedure 28(j), Appellants respond to Appellees' citation of *Vermont v. Clearview AI, Inc.*, No. 25-CV-01789 (Vt. Super. Ct. Dec. 15, 2025), an unreported decision of a state trial court dismissing an action brought against Clearview under Vermont's Consumer Protection Act (CPA). Vermont alleged that by engaging in the same acts and practices challenged in this case under other legal theories, Clearview violated the CPA. The court dismissed the case for lack of specific personal jurisdiction, finding that Clearview's contacts with Vermont are too attenuated to show that Clearview purposefully availed itself of the privilege of doing business in the state.

Because it did not reach the merits of the CPA claim, the decision does not support Appellees' contention that the district court did not need to assess the settlement value of unasserted-but-released claims because unjust enrichment is the only colorable claim available to the nationwide class. *See* Appellees' Brief at 33–35. Rather, as Appellants have explained, Clearview's conduct could be challenged under state constitutional, statutory, and common law right-to-privacy and consumer-protection theories. *See* Appellants' Brief at 25–27; Appellants' Reply at 6–10. Indeed, 25 state attorneys general filed an amicus brief urging this Court to vacate the district court's approval of the settlement because individuals have a right of privacy regarding their biometric identifiers, and common-law claims for invasion of privacy are available "to the nationwide class as recourse for Clearview's unlawful conduct." Amicus Brief at 3; *see id.* at 7 ("[A] company's utilization of biometric identifiers without consent implicates longstanding and well-recognized privacy interests for which individuals have had a cause of action under common law.").

Respectfully submitted,

/s/ Michael T. Kirkpatrick
Michael T. Kirkpatrick
*Counsel for Objectors-Appellants*
*Robert Weissman and Rick Claypool*

**CERTIFICATE OF COMPLIANCE**

I certify that the body of this document is 275 words and therefore complies with the word limitations of Federal Rule of Appellate Procedure 28(j).

/s/ Michael T. Kirkpatrick
Michael T. Kirkpatrick